UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-21014-CIV-SEITZ/MCALILEY

ROBERT BIONDOLILLO

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER FOLLOWING FEBRUARY 14, 2007 DISCOVERY CALENDAR

THIS CAUSE came before the Court on its February 14, 2007 discovery calendar. [*See* DE 105, 106, 107]. At the discovery calendar, Defendant made an *ore tenus* motion to compel Plaintiff to answer questions he refused to answer at his January 8, 2006 deposition; Plaintiff made a corresponding *ore tenus* motion for protective order regarding those same questions. Defendant also requested an extension of the discovery deadline to allow for a follow-up deposition of Plaintiff and an extension of time to file a motion for summary judgment.

During the events at issue in this lawsuit, Plaintiff was employed as a law enforcement officer. In this action Plaintiff sues Defendant for malicious prosecution in connection with an Indictment filed against Plaintiff in May, 2002, and subsequent prosecution, that accused

1

Plaintiff of engaging in mail fraud in connection with a lawsuit and worker's compensation claim Plaintiff brought for injuries Plaintiff allegedly sustained when he arrested an individual in 1994. The Indictment ultimately was dismissed, in May 2003. [DE 41, ¶ 119].

The government took Plaintiff's deposition on January 8, 2006. Government counsel made the following three broad areas of inquiry that Plaintiff refused to answer:

1.  Plaintiff's health and general physical condition, for the period of time beginning in 1990, until Plaintiff's reinstatement to employment (which occurred in either 2003 or 2004);[1]

2.  Plaintiff's recollection of the events surrounding the 1994 arrest (during which he allegedly sustained injuries);

3.  Plaintiff's recollection of communications he had with worker's compensation representatives, medical providers and insurance adjusters in connection with the alleged 1994 injuries.

At the discovery conference counsel agreed that the central issues at trial will be whether the Defendant acted without probable cause and with malice when it prosecuted Plaintiff. Plaintiff argued, and this Court agrees, that whether the government had probable cause at the time it prosecuted Plaintiff is a question that will be determined upon review of the information in the government's possession at the time of that prosecution. Plaintiff's

---

[1] Defendant did question Plaintiff at his deposition regarding Plaintiff's health, for the period of time starting with his reinstatement, until the present. Both counsel agreed that this inquiry is relevant to Plaintiff's claim for damages and that it is not a part of the parties' cross-motions to compel and for a protective order.

recollection today, about the 1994 arrest, his alleged resulting injuries and related events, is not pertinent to that inquiry. This Court can discern no purpose for these three areas of government inquiry, other than to discover evidence that, had it been know by the government when it prosecuted Plaintiff, would have supported its conclusion that there was probable cause that Plaintiff engaged in mail fraud. Since such evidence would be irrelevant and inadmissible, the disputed areas of questioning are beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1).

For these reasons, and for the reasons stated at the discovery conference, which are incorporated herein by reference, this Court does hereby

**ORDER** and **ADJUDGE** that Plaintiff's *ore tenus* Motion for Protective Order is **GRANTED** and Defendant's *ore tenus* Motion to Compel is **DENIED**. Defendant's request for an extension of time to complete discovery and file a motion for summary judgment is **DENIED**.

DONE AND ORDERED in chambers at Miami, Florida, this 15th day of February, 2007.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies provided to:*
The Honorable Patricia A. Seitz
T. Omar Malone, Esq.
Karin D. Wherry, Esq.